25-cv-01096 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EILEEN MENDEZ, as Parent and Natural Guardian of A.C., and EILEEN MENDEZ, Individually,

                                        Plaintiff,

- against -

MELISSA AVILES-RAMOS, in her Official Capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education,

                                        Defendants.

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the*
*City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*
*Eric Teszler, Esq.*
*(212) 356-1652*
*eteszler@law.nyc.gov*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 3

STANDARD OF REVIEW ..................................................................................................... 5

ARGUMENT

    POINT I

        PLAINTIFF'S CLAIMS FOR SUBSTANTIVE RELIEF SHOULD BE DISMISSED, AS DEFENDANTS HAVE FUNDED THE STUDENT'S TUITION IN FULL, AND WILL FUND THE STUDENT'S TRANSPORTATION COSTS FOR THE CURRENT SCHOOL YEAR IN THE ORDINARY COURSE OF BUSINESS ............................................ 7

    POINT II

        PLAINTIFF'S REQUEST FOR LATE FEES SHOULD BE DISMISSED .................................................................. 8

        A.  This Court Lacks Jursidction Over Plaintiff's Request for Late Fees, As Plaintiff Has Failed to Exhaust Their Administrative Remedies Regarding Same ................................................................. 8

        B.  Defendants' Payment Obligations Are Limited to the Scope of the Underlying Administrative Decisions, Which Do Not Require Payment of Late Fees ............................................................................. 10

CONCLUSION ...................................................................................................................... 11

CERTIFICATE OF COMPLIANCE .................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Pages**

*Ambrister v. N.Y.C. Dep't of Educ.*,
   No. 22-cv-5516, 2024 U.S. Dist. LEXIS 149235
   (S.D.N.Y. Aug. 20, 2024) .................................................................................................5

*Araujo v. N.Y.C. Dep't of Educ.*,
   2024 U.S. Dist. LEXIS 102669
   (S.D.N.Y. June 10, 2024) ............................................................................................. 5-6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................6, 7

*Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*,
   968 F.2d 196 (2d Cir. 1992) .............................................................................................6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................6, 7

*Biro v. Condé Nast*,
   807 F.3d 541 (2d Cir. 2015) .............................................................................................6

*Canning v. Admin. for Children's Servs.*,
   588 F. App'x 48 (2d Cir. 2014) ........................................................................................6

*Castillo v. Rice*,
   581 F. Supp. 2d 468 (S.D.N.Y. 2008) ..............................................................................6

*Chaperon, et al. v. Banks, et al.*,
   No. 24-cv-5135 (JAV)(SN) ..............................................................................1, 2, 3, 4, 5, 8

*Cortec Indus, Inc. v. Sum Holding L.P.*,
   949 F.2d 42 (2d Cir. 1991) ...............................................................................................7

*Davis v. Banks*,
   No. 22-cv-8184 (JMF), 2023 U.S. Dist. LEXIS 160092
   (S.D.N.Y. Sept. 11, 2023) ...............................................................................................10

*Dukes ex rel. Dukes v. N.Y.C. Empls. Ret. Sys.*,
   581 F. App'x 81 (2d Cir. 2014) ........................................................................................6

*First Nationwide Bank v. Gelt Funding Corp.*,
   27 F.3d 763 (2d Cir. 1994),
   *cert. denied*, 513 U.S. 1079 (1995) ..................................................................................7

**Cases**                                                                                                                                                         **Pages**

*Giammatteo v. Newton*,
    452 F. App'x 24 (2d Cir. 2011) ..................................................................................................6

*Hidalgo v. Porter*,
    No. 21-cv-10794 (JGK), 2023 U.S. Dist. LEXIS 226812
    (S.D.N.Y. Dec. 20, 2023)..........................................................................................................9

*K.M. v. Adams*,
    No. 20-cv-4128, 2022 U.S. App. LEXIS 24555
    (2d Cir. Aug. 31, 2022).............................................................................................................5

*Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*,
    No. 03-CV-10312, 2005 U.S. Dist. LEXIS 19788
    (S.D.N.Y. Sept. 7, 2005)..........................................................................................................6

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)......................................................................................................5

*Mendez v. Banks*,
    65 F.4th 56 (2d Cir. 2023) ......................................................................................................10

*Mizuta, et al. v. Banks, et al.*,
    No. 22-cv-5522 (LGS)
    (S.D.N.Y. Sept. 9, 2024)..........................................................................................................9

*J.S. ex rel. N.S. v. Attica Cent. Sch.*,
    386 F.3d 107 (2d Cir. 2004)......................................................................................................6

*Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*,
    333 F. Supp. 3d 292 (S.D.N.Y. 2018).......................................................................................6

*People United for Child, Inc. v. City of N.Y.*,
    108 F. Supp. 2d 275 (S.D.N.Y. 2000).......................................................................................6

*Simmons v. Murphy*,
    No. 23-288-cv, 2024 U.S. App. LEXIS 13588
    (2d Cir. June 5, 2024) ...............................................................................................................5

*Van Wie v. Pataki*,
    267 F.3d 109 (2d Cir. 2001)......................................................................................................8

*Ventura de Paulino v. N.Y.C. Dep't of Educ.*,
    959 F.3d 519 (2d Cir. 2020).................................................................................................5, 10

**Cases**                                                                                                      **Pages**

*Zappia Middle East Constr. Co. v. Emirate of Abu Dhabi*,
    215 F.3d 253 (2d Cir. 2000)..................................................................................................6

**Statutes**

Fed. R. Civ. P. 12(b)(1)..........................................................................................2, 5, 6, 8, 9

Fed. R. Civ. P. 12(b)(6)..............................................................................................2, 3, 6, 10

N.Y. Educ. Law § 4404(3)(a) ............................................................................................4

## **PRELIMINARY STATEMENT**

Defendants, Melissa Aviles-Ramos, in her Official Capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education ("DOE") (collectively, "Defendants") respectfully submit this Memorandum of Law in Support of their Motion to Dismiss the Complaint.

Plaintiff, Eileen Mendez, as parent and natural guardian of A.C., and Eileen Mendez Individually ("Plaintiff" or "Parent"), initiated this action and requested, *inter alia*, that Defendants be ordered to comply with the applicable underlying administrative orders to fund the costs of A.C.'s tuition at the International Academy of the Brain ("iBrain") and transportation services provided by Sisters Travel and Transportation ("Sisters") for the 2024–2025 school year. *See* ECF 1 at 17–18.

As an initial matter, Defendants observe that not only is Plaintiff Mendez one of the named plaintiffs in another case represented by the same counsel pending before this Court, captioned as *Chaperon, et al. v. Banks, et al.*, 24-cv-5135 (JAV)(SN), but also that Plaintiff Mendez continues to seek virtually identical relief in that action. *See Chaperon*, First Amended Complaint, filed September 23, 2024 (ECF No. 61 at 7–9, ¶¶ 53–68) (seeking funding for A.C.'s placement and related services at iBrain, including special transportation services with Sisters for the 2024–2025 school year). Notwithstanding the virtually identical relief sought in this action and *Chaperon*, Plaintiff has made no effort to formally relate these two matters on either docket, or to otherwise indicate that they should be consolidated.

In any event, Defendants contend that all claims at issue in this case should be dismissed because the substantive relief sought by Plaintiff regarding tuition and transportation payment are no longer in dispute, as Plaintiffs acknowledge in their letter dated March 25, 2025 (ECF No. 15) that "DOE authorized payment of the required tuition as provided by the FOFD, along with DOE's

pendency obligations, on [March 7, 2025]. Payment was disbursed shortly thereafter"; additionally, Defendants represented in their letter-motion dated April 10, 2025 (ECF No. 16) that they have decided not to appeal State Review Officer decision No. 24-476, dated January 24, 2025 ("SRO Decision") (*see* ECF No. 1-3), which, *inter alia*, pertains to Defendants' funding obligation for A.C.'s transportation services for the 2024–2025 school year. Defendants also reiterate that "they will plan to make payments in the ordinary course of business for the Student's transportation services as set forth in the SRO Decision." ECF No. 16.

With respect to Plaintiff's present request for late fees, Defendants further note that while Plaintiff Mendez, along with the other named plaintiffs in *Chaperon*, had at one time indicated that they would pursue late fees purportedly associated with those plaintiffs' contracts with iBrain and Sisters for the same 2024–2025 school year (*see Chaperon*, ECF No. 96 at 4 (February 4, 2025 status letter from plaintiffs referencing "late fees, which continue to accrue pursuant to the terms of the relevant contracts")), they have since abandoned that claim entirely in the summary judgment briefing that is pending in that matter. *See generally Chaperon* ECF Nos. 101–17 (fully briefed summary judgment motion, with Plaintiffs' reply papers filed last Friday, April 18, 2025). To the extent that Plaintiff Mendez has abandoned their late fees claim in *Chaperon*, Defendants contend that Plaintiff Mendez should also release the same claim in this matter, given the virtually identical factual and legal issues presented.

Insofar as Plaintiff inexplicably decides to proceed with her claim for late fees on this docket, Defendants submit that it should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The Court should dismiss Plaintiffs' request for late fees under Fed. R. Civ. P. 12(b)(1) because Plaintiffs have failed to exhaust their administrative remedies in not previously raising this issue before the Impartial Hearing Officer ("IHO") and SRO who rendered the

2

applicable administrative orders (ECF Nos. 1-2, 1-3) prior to seeking relief in this Court. Consequently, the Court currently lacks jurisdiction to address such a claim, and it should therefore be dismissed.

Second, even assuming that the late fees issue was properly before the Court—which it is not—the underlying administrative order does not require Defendants to pay any late fees. As the administrative order is controlling with respect to Defendants' payment obligations, Plaintiff cannot state a claim for which relief can be granted on this issue. Accordingly, the Court should also dismiss Plaintiff's request for the payment of late fees under Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND

Plaintiff Mendez (and for that matter, each of the other named plaintiffs in *Chaperon*) filed, pursuant to the Individuals with Disability Education Act ("IDEA") a Due Process Complaint ("DPC") at the beginning of the 2024-2025 school year seeking a finding that they had been denied a Free and Appropriate Public Education ("FAPE") and requested tuition funding for their unilateral placement at iBrain, as well as funding for transportation and related nursing services.

On September 17, 2024, IHO Jaime Kotchek issued a Findings of Fact and Decision ("FOFD") which, *inter alia*, granted Parent their funding request for A.C.'s tuition at iBrain for the 2024–2025 school year. *See* ECF No. 1-2 (copy of September 17, 2024 FOFD) at 13. With respect to transportation funding, IHO Kotchek held as follows:

> The District shall pay directly to the Transportation Company, up to a total of $177,285.00, within 30 days of submission of a signed, notarized bill encompassing costs owed by the Parent to the Transportation Company for the Student's use of the transportation service to and from the Private School for the extended 2024-2025 school year, together with an affidavit and invoices documenting the dates and times of service. The District is only required to fund roundtrip transportation between Student's home and the Private School, not to medical appointments or any other locations . . . .

3

*Id.* Plaintiffs subsequently appealed the "special transportation modification" set forth in the September 17, 2024 FOFD to the Office of State Review. ECF No. 1, Compl. ¶ 47.

The January 24, 2025 SRO Decision issued by Sarah L. Harrington ultimately held that the "IHO's decision, dated September 17, 2024 is modified to direct the district to fund the costs of the transportation services provided by Sisters Travel at the contracted rate for the 2024-25 school year." ECF No. 1-3 at 11.

On February 6, 2025—thirteen (13) days after the SRO Decision was issued—Plaintiff initiated the instant action, but did not indicate at such time that this matter was related to *Chaperon*, 24-cv-5135 (JAV)(SN), where Plaintiff Mendez is also a named plaintiff in that action, and seeks virtually identical relief for the costs of A.C.'s tuition at iBrain and transportation services with Sisters for the 2024–2025 school year. Over Plaintiff's objection, on February 26, 2025, Defendants requested a 45-day extension of time to respond to the Complaint. *See* ECF No. 8. In relevant part, Defendants then observed that under State Education Law, Art. 89, § 4404(3)(a), they had a four-month window from the date of the January 24, 2025 SRO Decision to make a timely determination regarding any appeal of that decision in this Court—*i.e.*, through on or about May 24, 2025.

Nonetheless, Plaintiffs moved for a preliminary injunction on March 3, 2025. *See* ECF Nos. 11–12. At the March 7, 2025 conference held before the Court, counsel for Defendants indicated that any outstanding payment owed for A.C.'s tuition for the 2024–2025 school year had been authorized and would be funded not long thereafter; separately, Defendants were still contemplating at that time whether they would appeal the SRO Decision to the extent it concerned funding for A.C.'s transportation services. By letter dated March 25, 2025, Plaintiff stated that "[a]s reported at the initial conference regarding this matter on March 7, 2025, the DOE authorized

4

payment of the required tuition as provided by the FOFD, along with DOE's pendency obligations, on that same day. Payment was disbursed shortly thereafter." ECF No. 15.

In their letter-motion dated April 10, 2025 (ECF No. 16), Defendants indicated that they would not be pursuing an appeal of the SRO Decision, and that they would plan to make payments in the ordinary course of business for the Student's transportation services as set forth in the SRO Decision.

Although Plaintiff Mendez (along with each of the other named plaintiffs) previously raised—but abandoned—in *Chaperon* a virtually identical request for the payment of late fees purportedly owed under their contracts with iBrain and Sisters, Plaintiff Mendez has inexplicably renewed this request on this docket involving virtually identical facts and applicable administrative orders with respect to Plaintiff Mendez.

## STANDARD OF REVIEW

The Court must dismiss a case under FRCP 12(b)(1) when it "lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "Unless an exception applies, the exhaustion of administrative remedies under the IDEA is a 'jurisdictional prerequisite' of the statute and a plaintiff's failure to exhaust deprives a court of subject-matter jurisdiction over any IDEA claims." *K.M. v. Adams*, No. 20-cv-4128, 2022 U.S. App. LEXIS 24555, at *8 (2d Cir. Aug. 31, 2022) (quoting *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519, 530 (2d Cir. 2020)) (cleaned up).

"The IDEA requires plaintiffs to exhaust their administrative remedies before filing an action in federal court." *Ambrister v. N.Y.C. Dep't of Educ.*, No. 22-cv-5516 (JGLC), 2024 U.S. Dist. LEXIS 149235, at *24 (S.D.N.Y. Aug. 20, 2024) (quoting *Simmons v. Murphy*, No. 23-cv-288, 2024 U.S. App. LEXIS 13588, at *7 (2d Cir. June 5, 2024)). "It is well settled that the IDEA requires an aggrieved party to exhaust all administrative remedies before bringing a civil action in

5

federal or state court." *Araujo v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 102669, at *13 (S.D.N.Y. June 10, 2024) (quoting *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 112 (2d Cir. 2004).

The party asserting subject matter jurisdiction must prove its existence by a preponderance of the evidence. *See Canning v. Admin. for Children's Servs.*, 588 F. App'x 48, 49 (2d Cir. 2014); *Dukes ex rel. Dukes v. N.Y.C. Emps. Ret. Sys.*, 581 F. App'x 81, 82 (2d Cir. 2014); *Odyssey Marine Exploration, Inc. v. Shipwrecked & Abandoned SS Mantola*, 333 F. Supp. 3d 292, 300 (S.D.N.Y. 2018) (quoting *Giammatteo v. Newton*, 452 F. App'x 24, 27 (2d Cir. 2011)). The party resisting the motion "cannot rest on conclusory allegations that factual disputes exist." *Zappia*, 215 F.3d at 253.

In fact, the Court should refrain from drawing inferences in favor of the party asserting subject matter jurisdiction on a Rule 12(b)(1) motion. *See People United for Child, Inc. v. City of New York*, 108 F. Supp. 2d 275, 283 (citing *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F2d 196, 198 (2d Cir.1992)). Additionally, the court should not grant leave to amend the complaint because an amendment is considered futile if it cannot defeat a motion to dismiss for lack of subject matter jurisdiction. *See Latino Quimica-Amtex S.A. v. Akzo Nobel Chems. B.V.*, No. 03-cv-I0312, 2005 U.S. Dist. LEXIS 19788, at *13-14 (S.D.N.Y. Sept. 7, 2005); *see also Castillo v. Rice*, 581 F. Supp. 2d 468, 476 (S.D.N.Y. 2008).

On a motion to dismiss pursuant to FRCP 12(b)(6), courts must accept all allegations contained in the complaint as true and examine whether those allegations contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). Plausible claims are those alleging "factual content that allows the court to draw the reasonable inference that the defendant

6

is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations of the complaint must be more than speculative and must show the grounds upon which a plaintiff is entitled to relief beyond "labels and conclusions, and a formulaic recitation of a cause of action's elements." *Twombly*, 550 U.S. at 555. At a minimum, a pleading must set forth sufficient information for a court to determine whether the allegations support some recognized legal theory, *Cortec Indus, Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991), and enough facts to "nudg[e] their claims across the line from conceivable to plausible." *Bell Atl. Corp*, 550 U.S. at 570. Also, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Thus, a court may not take as true "conclusions of law or unwarranted deductions of fact." *First Nationwide Bank v. Gelt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994) (internal citation omitted), *cert. denied,* 513 U.S. 1079 (1995).

## ARGUMENT

### POINT I

**PLAINTIFF'S CLAIMS FOR SUBSTANTIVE RELIEF SHOULD BE DISMISSED, AS DEFENDANTS HAVE FUNDED THE STUDENT'S TUITION IN FULL, AND WILL FUND THE STUDENT'S TRANSPORTATION COSTS FOR THE CURRENT SCHOOL YEAR IN THE ORDINARY COURSE OF BUSINESS**

As noted *supra*, Plaintiff has conceded in their March 25, 2025 status report (ECF No. 15 at 1) that, "[a]s reported at the initial conference regarding this matter on March 7, 2025, the DOE authorized payment of the required tuition as provided by the FOFD, along with DOE's pendency obligations, on that same day. Payment was disbursed shortly thereafter." In that same letter, Plaintiff reiterated their request for funding of the costs of A.C.'s transportation services for the 2024–2025 school year. Additionally, Plaintiff stated that they were pursuing late fees purportedly

7

associated with Plaintiff's contracts with iBrain and Sisters. *See id.* On April 10, 2025 (ECF No. 16), Defendants represented that they would not pursue an appeal of the January 24, 2025 SRO Decision, and would make transportation payments pursuant to that decision within the ordinary course of business. *See id.*

It is well established that "[a] case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur." *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001). To the extent that the substantive relief sought by Plaintiff Mendez in this action—and *Chaperon*, for that matter—is funding for A.C.'s tuition at iBrain and transportation through Sisters for the 2024–2025 school year, Defendants submit that, in light of the foregoing facts of this record, there is no material dispute remaining. Furthermore, for the reasons set forth more fully below, Plaintiff Mendez's inexplicable present request for late fees in this action should also be dismissed.

## POINT II

### PLAINTIFF'S REQUEST FOR LATE FEES SHOULD BE DISMISSED

**A.     This Court Lacks Jursidction Over Plaintiff's Request for Late Fees, As Plaintiff Has Failed to Exhaust Their Administrative Remedies Regarding Same**

This Court does not have jursidiction over the issue of late fees because Plaintiff Mendez has not exhausted their administrative remedies regarding same. As such, the Court should dismiss Plaintiff's request for late fees under Fed. R. Civ. P. 12(b)(1).

Additionally, the September 17, 2024 FOFD does not indicate that Plaintiff Mendez raised before the IHO the issue of the potential payment of late fees associated with their private agreements with iBrain or the service providers. *See generally* ECF Nos. 1-1, 1-2. Nor is there any indication in the record that Plaintiff has subsequently sought any other administrative review

8

before the IHO or the SRO for the alleged costs of their late fees prior to seeking such relief in this Court.

The Court has previously rejected similar claims brought by other plaintiff-parents whose children attended iBrain, and they sought payment for costs associated with a purported private loan agreement they had to assume to finance the costs of tuition at iBrain, but where there was no mention of same in the relevant DPCs. In *Hidalgo v. Porter*, 21-cv-10794 (JGK) 2023 U.S. Dist. LEXIS 226812 (Dec. 20, 2023), Judge Koeltl determined that the Court lacked jurisdiction to decide the issue because the plainffs—represented by the same counsel—had failed to exhaust their administrative remedies:

> As an initial matter, the plaintiffs' DPC does not and could not demand reimbursement for the purported balances from the Lender that the plaintiffs began to incur in September 2022, more than four years after the plaintiffs filed the DPC in July 2018, and the plaintiffs never sought any other administrative review for the alleged cost of their loans. *See* Compl. ¶ 70. There is, therefore, no jurisdiction.

*Id.* at *12–13. *See also Mizuta, et al. v. Banks, et al.*, No. 22-cv-5522 (LGS) (S.D.N.Y. Sept. 9, 2024) (ECF No. 96) (order denying plaintiffs' application for payment related to loan interest and fees on the grounds that "the IHO order granted 'full tuition reimbursement for the 2020-2021 and 2021-2022 school years.' Plaintiffs do not dispute that payment has now occurred and cite no authority to support that this award encompasses the loan-related expenses. Plaintiffs do not argue that they have properly exhausted their claim for loan-related expenses.") (citing *Hidalgo v. Porter*, 21-cv-10794, (S.D.N.Y. Dec. 20, 2023) for the holding that the Court "den[ied] [the] request for payment of loan-related expenses due to lack of exhaustion").

Plaintiff Mendez cannot cure this jursidictional issue, as the record is clear that they failed to introduce any late fees issue at the administrative level. Accordingly, Plaintiff Mendez's request for the payment of late fees should be dismissed for lack of jurisdiction pursuant to 12(b)(1).

9

B. **Defendants' Payment Obligations Are Limited to the Scope of the Underlying Administrative Decisions, Which Do Not Require Payment of Late Fees**

Even assuming that the Court has jurisdiction—which it does not—over Plaintiff's request for late fees, the case law is also clear that Defendants' payment obligations are limited to the language set forth in the applicable administrative decisions. *See Davis v. Banks*, No. 22-cv-8184 (JMF), 2023 U.S. Dist. LEXIS 160092 at *13 (S.D.N.Y. Sep. 11, 2023) ("[T]he DOE is not a party to each Plaintiff's contract with [the service provider]. Instead, the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order.") (citing *De Paulino v. N.Y.C. Dep't of Educ.,* 959 F.3d 519, 532 (2d. Cir. 2020) in observing that the DOE's "legal responsibility to pay" arose from the final, unappealed administrative order); *Mendez v. Banks*, 65 F.4th 56, 61 (2d Cir. 2023) (determining that DOE's funding obligations are based on the underlying pendency orders). However, because there is no mention of any late fee payment under any of the applicable administrative decisions (*see generally* ECF Nos. 1-2, 1-3), there is no such obligation for Defendants to fund.

Accordingly, Plaintiff's request for the payment of late fees should additionally be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully submit that the Court should dismiss the Complaint with prejudice, and grant Defendants such other and further relief that the Court deems just and proper.

Dated:   New York, New York
         April 21, 2025

                                       **Muriel Goode-Trufant**
                                       Corporation Counsel of the
                                       City of New York
                                       *Attorney for Defendants*
                                       100 Church Street
                                       New York, New York 10007


By:  /s/ *Eric Teszler*_____
       Eric Teszler, Esq.
       *Assistant Corporation Counsel*
       (212) 356-1652
       eteszler@law.nyc.gov

**CERTIFICATE OF COMPLIANCE**

Counsel of Record hereby certifies that this brief complies with the word-count limitation of Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York. Excluding the cover page, caption, any index, table of contents, table of authorities, signature blocks, and required certificate, but including material contained in footnotes, this brief contains approximately 3,177 words, which is less than the total words of 8,750 permitted by Local Rule 7.1(c).

Dated:     New York, New York
           April 21, 2025

                                    **Muriel Goode-Trufant**
                                    Corporation Counsel of the
                                    City of New York
                                    *Attorney for Defendants*
                                    100 Church Street
                                    New York, New York 10007

                              By:   /s/ *Eric Teszler*
                                    Eric Teszler, Esq.
                                    *Assistant Corporation Counsel*
                                    (212) 356-1652
                                    eteszler@law.nyc.gov