25-cv-01096 (CM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EILEEN MENDEZ, as Parent and Natural Guardian of A.C., and EILEEN MENDEZ, Individually,

              Plaintiff,

- against -

MELISSA AVILES-RAMOS, in her Official Capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education,

              Defendants.

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

**MURIEL GOODE-TRUFANT**
*Corporation Counsel of the*
*City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:*
*Eric Teszler, Esq.*
*(212) 356-1652*
*eteszler@law.nyc.gov*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT

    POINT I

        PLAINTIFF'S REQUEST FOR LATE FEES SHOULD BE DISMISSED DUE TO A FAILURE TO EXHAUST AND BECAUSE THE UNDERLYING ADMINISTRATIVE ORDERS DO NOT DIRECT DEFENDANT TO PAY LATE FEES ...................................................................................................3

        A.   This Court's Precedent in *Hidalgo* and *Mizuta* Supports Defendants' Contention that Plaintiff Has Failed to Exhaust Their Administrative Remedies Regarding Late Fees ............................................................. 3

        B.   Plaintiff Neglects Applicable Case Law Cited by Defendants Which Limits DOE's Payment Obligations to the Scope of the Underlying Administrative Decisions, And Not Plaintiff's Contracts with Providers...................................................................... 6

    POINT II

        PLAINTIFF'S CLAIMS FOR SUBSTANTIVE RELIEF SHOULD BE DISMISSED ..........................................................8

CONCLUSION........................................................................................................................... 10

CERTIFICATE OF COMPLIANCE........................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                                **Pages**

*Chaperon, et al. v. Banks, et al.*,
  24-cv-5135 (JAV)(SN) ..................................................................................1, 8, 9, 10

*Davis v. Banks*,
  No. 22-cv-8184 (JMF), 2023 U.S. Dist. LEXIS 160092
  (S.D.N.Y. Sept. 11, 2023) ....................................................................................2, 6, 7

*Donohue v. Banks*,
  No. 22-cv-8998, 2023 WL 6386014 (S.D.N.Y. Sept. 30, 2023) ...............................7

*Hidalgo v. Porter*,
  No. 21-cv-10794 (JGK), 2023 U.S. Dist. LEXIS 226812
  (S.D.N.Y. Dec. 20, 2023)...................................................................................1, 3, 4, 5

*Mizuta, et al. v. Banks, et al.*,
  No. 22-cv-5522 (LGS) .......................................................................................1, 3, 4, 5

*Thomas v. Aviles-Ramos*,
  No. 24-cv-3904 (JPO) (S.D.N.Y. April 30, 2025) ....................................................7

*Van Wie v. Pataki*,
  267 F.3d 109 (2d Cir. 2001)........................................................................................10

*Ventura de Paulino v. N.Y.C. Dep't of Educ.*,
  959 F.3d 519 (2d Cir. 2020)..........................................................................................6

## Statutes

42 U.S.C. § 1983................................................................................................................8

28 U.S.C. § 1292(b) .........................................................................................................8

Fed. R. Civ. P. 12(b)(6)................................................................................................3, 7

## PRELIMINARY STATEMENT

Defendants, Melissa Aviles-Ramos, in her Official Capacity as Chancellor of the New York City Department of Education, and the New York City Department of Education ("DOE") (collectively, "Defendants") respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss the Complaint.

In their Memorandum of Law in support of their Motion to Dismiss the Complaint (ECF No. 21) ("Defendants' Memorandum"), Defendants argued that this action should be dismissed in light of the virtually identical relief being pursued by Plaintiff, Eileen Mendez, as parent and natural guardian of A.C., and Eileen Mendez Individually ("Plaintiff" or "Parent"), in another action currently pending in this Court, *Chaperon, et al. v. Banks, et al.*, 24-cv-5135 (JAV)(SN), and because there is no obligation set forth in any underlying administrative decision which directs Defendants to pay any late fees purportedly associated with Plaintiff's private contractual agreements pertaining to the Student-Plaintiff's educational services. More specifically, *Chaperon* and the instant matter each include Plaintiff Mendez as a named party, and substantially similar relief in the form of, *inter alia*, Defendants' funding the costs of the Student-Plaintiff's tuition at the International Academy of the Brain ("iBrain") and transportation services provided by Sisters Travel and Transportation ("Sisters") for the 2024–2025 school year. *See* Compl., ECF 1 at 16–17 ("Relief Requested"). At present, there is no dispute that Defendants have fully funded the costs of such tuition and transportation services.

With respect to Plaintiff's assertion that they are entitled to the payment of late fees purportedly associated with their private agreements with iBrain and Sisters, Defendants maintain that this Court's precedent in *Hidalgo v. Porter*, 21-cv-10794 (JGK) and *Mizuta, et al. v. Banks, et al.*, No. 22-cv-5522 (LGS) provides substantial support for their contention that Plaintiff's request for late fees should be dimissed because, to date, Plaintiff has failed to exhaust their

administrative remedies by not raising that particular issue at the administrative level in a Due Process Complaint ("DPC"). Defendants additionally note Plaintiff's concession that the applicable Findings of Fact and Decision ("FOFD")—issued on or about September 17, 2024 by Impartial Hearing Officer ("IHO") Jaime Kotchek (*see* ECF No. 1-2)—does not specifically address the late fees issue. *See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Plaintiff's Memorandum") at 20 (ECF No. 23) ("[I]t is true that the FOFD does not specifically include late fees."). Consequently, Defendants submit that both the applicable case law and procedural history of this case indicate that the late fees is not properly before the Court, and should be dismissed pursuant to Federal Rule of Civil Procedures 12(b)(1).

Even assuming that the late fees issue were properly before the Court, Defendants maintain that neither of the applicable administrative decisions—the FOFD (*see* ECF No. 1-2) or State Review Officer decision No. 24-476, dated January 24, 2025 ("SRO Decision") (*see* ECF No. 1-3)—direct Defendants to pay late fees. Although Plaintiff insists that they are entitled to late fee payments pursuant to the terms of their private agreements with iBrain and Sisters, Defendants submit that Plaintiff's view is inconsistent with this Court's precedent analyzing similar claims by plaintiffs requesting funding pursuant to services rendered by iBrain or Sisters. That is, this Court consistently observes that the "sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order." *Davis v. Banks*, No. 22-cv-8184 (JMF), 2023 U.S. Dist. LEXIS 160092 at *13 (S.D.N.Y. Sep. 11, 2023). As Plaintiff concedes that the late fees issue was not raised before the IHO and the FOFD is silent on that issue, Plaintiff cannot tenably suggest that the SRO *sua sponte* has the ability to now oblige DOE to pay late fees on the record before the SRO. If anything, and consistent with the FOFD, the analysis set forth in the SRO Decision reflects that while the parties litigated other aspects of the scope and application of

2

Plaintiff's private agreements with iBrain and Sisters (for example, regarding transportation for medical appointments), the late fees issue was not specifically raised, and therefore went unaddressed. Consequently, Defendant cannot be obligated to pay late fees, since there is nothing in the applicable FOFD or SRO Decision suggesting as much. Accordingly, the Court should also dismiss Plaintiff's request for the payment of late fees under Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### POINT I

**PLAINTIFF'S REQUEST FOR LATE FEES SHOULD BE DISMISSED DUE TO A FAILURE TO EXHAUST AND BECAUSE THE UNDERLYING ADMINISTRATIVE ORDERS DO NOT DIRECT DEFENDANT TO PAY LATE FEES**

**A.    This Court's Precedent in *Hidalgo* and *Mizuta* Supports Defendants' Contention that Plaintiff Has Failed to Exhaust Their Administrative Remedies Regarding Late Fees**

Regarding Plaintiff's assertion that Defendants are obligated to pay late fees pursuant to Plaintiff's contracts with iBrain and Sisters, Defendants maintain that this Court's precedent in *Hidalgo v. Porter*, 21-cv-10794 (JGK) and *Mizuta, et al. v. Banks, et al.*, No. 22-cv-5522 (LGS) are highly analogous and applicable to this matter regarding Plaintiff's failure to exhaust their claim for late fees. As Defendants previously observed, in *Hidalgo*, the Court determined that it lacked jurisdiction over plaintiffs' request for fees associated with a third-party loan provider due to Plaintiff's failure to exhaust: "[a]s an initial matter, the plaintiffs' DPC does not and could not demand reimbursement for the purported balances from the Lender that the plaintiffs began to incur in September 2022 . . . and the plaintiffs never sought any other administrative review for the alleged cost of their loans. *See* Compl. ¶ 70. There is, therefore, no jurisdiction." Defs. Mem. at 9 (citing *Hidalgo*, 21-cv-10794 (JGK) 2023 U.S. Dist. LEXIS 226812 at *12–13 (Dec. 20, 2023)) (emphasis added).

3

Similarly, in *Mizuta, et al. v. Banks, et al.*, No. 22-cv-5522 (LGS) (S.D.N.Y. Sept. 9, 2024) (ECF No. 96 at 1), plaintiffs sought "to recover the costs they claim are associated with a loan agreement entered into between the Rucker Plaintiffs and Sisters Travel and Transportation Services LLC ("Sisters"), a third party transportation company." Defendants argued there that, under *Hidalgo*, the Court lacked jurisdiction over plaintiffs' requests for costs associated with their Sisters loan agreement, as that issue was never raised in plaintiff's DPC at the administrative level. *See Mizuta*, No. 22-cv-5522 (LGS) (ECF No. 96 at 2). The Court ultimately agreed with Defendants' argument, and held as follows:

> Plaintiffs' application for payment related to loan interest and fees is DENIED. The IHO order granted "full tuition reimbursement for the 2020-2021 and 2021-2022 school years." Plaintiffs do not dispute that payment has now occurred and cite no authority to support that this award encompasses the loan-related expenses. Plaintiffs do not argue that they have properly exhausted their claim for loan-related expenses. *See Hidalgo v. Porter*, No. 21 Civ. 10794, 2023 WL 8810276, at *5 (S.D.N.Y. Dec. 20, 2023) (denying request for payment of loan-related expenses due to lack of exhaustion).

*Mizuta*, No. 22-cv-5522 (LGS) (ECF No. 96 at 1).

Plaintiff attempts to distinguish *Hidalgo* on the grounds that it involved "interest that began to accrue more than four years after the filing of the DPC," and because "that matter involved loans from a third party." Pl. Mem. at 17. Plaintiff goes on to state that, "[i]n the present matter late fees are part of the standard enrollment contracts with iBRAIN and Sisters." *Id.* at 17–18. However, notwithstanding that the loan provider in *Hidalgo* was a third party, or that there was a four year period between the filing of the DPC and the loan fees sought in federal court, the salient holding from that case remains undisturbed: "plaintiffs never sought any other administrative review for the alleged cost of their loans." *Hidalgo*, 21-cv-10794 (JGK) 2023 U.S. Dist. LEXIS 226812 at *13.

4

Tellingly, Plaintiff makes *no mention* of *Mizuta* in their opposition brief—let alone any attempt to distinguish the facts of this matter, which are even more closely aligned, in that Plaintiff is similarly seeking to enforce a contract provision of their private agreement with Sisters. Whereas *Mizuta* involved fees associated with loan interest under a Sisters contract (*see Mizuta*, No. 22-cv-5522 (LGS) (ECF No. 96 at 1), this matter involves late fees associated with Sisters and iBrain contracts. And as noted above, Plaintiff impliedly appears to agree that *Mizuta* applies in attempting to distinguish *Hidalgo* on the grounds that "[i]n the present matter late fees are part of the standard enrollment contracts with iBRAIN and Sisters." Pls. Mem. at 17–18.

Furthermore, while *Hidalgo* and *Mizuta* both concerned interest that purportedly accrued years after the issuance of the underlying administrative orders, Plaintiff's request here is for late fees that, according to the plain text of the contracts, began accruing "[u]pon the failure to pay in full any payment obligation due . . . within seven (7) business days of the due date for such payment." ECF No. 1-1 at 36 ("Late Payment Penalty" provision of iBrain contract). As Plaintiff's enrollment began on July 2, 2024 (*see id.* at 35), Plaintiff had a clear opportunity when filing the July 2, 2024 DPC (*see id.*) to request that the IHO review the late payment provision and issue a ruling endorsing its enforceability against DOE. However, there is no mention whatsoever of the request for such relief in the DPC to which those contracts are attached. *See generally* ECF No. 1-1. Further, Defendants reiterate that the September 17, 2024 FOFD "does not indicate that Plaintiff Mendez raised before the IHO the issue of the potential payment of late fees associated with their private agreements with iBrain or the service providers. *See generally* ECF Nos. 1-1, 1-2." Defs. Mem. at 8. Indeed, there is no "indication in the record that Plaintiff has subsequently sought any other administrative review before the IHO or the SRO for the alleged costs of their late fees prior to seeking such relief in this Court." Defs. Mem. at 8–9. And while Plaintiff stresses at length that

5

there is no requirement for them to appeal any aspect of the IHO or SRO's decisions (*see* Pl. Mem. at 14–17), Defendants once again emphasize that the salient holding from *Hidalgo* and *Mizuta* is that, since there has been no specific request, to date, from Plaintiff in a DPC regarding the payment of late fees (whether then accrued, or at a later date), any such claims should be dismissed due to Plaintiff's failure to exhaust this issue at the administrative level.

**B.    Plaintiff Neglects Applicable Case Law Cited by Defendants Which Limits DOE's Payment Obligations to the Scope of the Underlying Administrative Decisions, And Not Plaintiff's Contracts with Providers**

Should the Court nonetheless proceed to find that it has jurisdiction over this matter, Defendants maintain that Plaintiff's request for late fee payments under Plaintiff's private agreements with iBrain and Sisters fails to account for the applicable case law in this District, which provides that "the DOE is not a party to each Plaintiff's contract with Sisters. Instead, the sole source of the DOE's reimbursement obligations in each Plaintiff's case is the applicable administrative order." *Davis v. Banks*, No. 22-cv-8184 (JMF), 2023 U.S. Dist. LEXIS 160092 at *13 (S.D.N.Y. Sep. 11, 2023) (citing, *inter alia*, *De Paulino v. N.Y.C. Dep't of Educ.,* 959 F.3d 519, 532 (2d. Cir. 2020) in observing that the DOE's "legal responsibility to pay" arose from the final, unappealed administrative order).

As discussed in the foregoing section, Plaintiff has not previously raised at the administrative level the issue of the enforceability or application of any late fees provision set forth in their private agreements with iBrain and Sisters. Consequently, the issue was not litigated before either the IHO or SRO assigned to review the underlying record, and so their administrative decisions do not reflect any obligation for DOE to pay for such late fees. *See generally* ECF Nos. 1-2, 1-3. Defendants should therefore not be required to pay any such late fees here, since the "sole source" of DOE's funding obligations under the IDEA are limited to the applicable decisions. *Davis*, No. 22-cv-8184 (JMF), 2023 U.S. Dist. LEXIS 160092 at *13.

6

Notably, Plaintiff concedes that "it is true that the FOFD does not specifically include late fees." Pls. Mem. at 20. However, Plaintiff argues that "[t]he SRO decision specifically reversed the IHO who awarded reimbursement of transportation costs for services actually rendered, and chose instead to rely exclusively on the relevant transportation agreement as the sole source of liability for the DOE. *See* ECF No. 1-3, at 8-10." Pls. Mem. at 20.

Defendants submit that the portion of the SRO Decision (at 8–10) does not stand for the proposition Plaintiff suggests; to the contrary, the SRO's analysis on page 10 reflects a close reading of the scope and application of the contract terms of Plaintiff's transportation agreement with Sisters as it pertained to an issue that *was* squarely before the SRO on the administrative record—whether medical appointments were to be included in the scope of transportation services:

> The parent's contract with Sisters Travel provided for transport twice daily, an "AM TRIP" and a "PM TRIP" (Parent Ex. A-F at p. 1). The contract specified the pick-up" and "drop-off" locations for each school day were the student's home and school but did allow the parent to change the time or location for the transportation with notice (Parent Ex. A-F at p. 1). The parent's limited testimony on the issue seems to reference an additional trip or trips provided by Sisters Travel on certain days; however, without more, the evidence in the hearing record does not establish that the trips to and from medical appointments were part of the "School Transportation" contract with Sisters Travel such that the amount due under the contract should be deemed excessive and, therefore, subject to reduction. Accordingly, Plaintiff's request for the payment of late fees should additionally be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendants submit that the foregoing analysis is representative of the type that the Court in *Davis* and similar transportation reimbursement cases routinely engages in when assessing the scope and application of the subject transportation agreement (often with Sisters). *See, e.g.*, *Donohue v. Banks*, No. 22-cv-8998, 2023 WL 6386014 (S.D.N.Y. Sept. 30, 2023); *Thomas v. Aviles-Ramos*, No. 24-cv-3904 (JPO) (S.D.N.Y. April 30, 2025).

Here, as Plaintiff concedes that not even the IHO had the late fees issues presented before them, it is untenable for Plaintiff to now effectively claim that the SRO had the ability to *sua sponte*

7

rule on an issue not before them on the record. Defendants additionally submit that, *had* the late fees issue been presented on the record, there would have been an opportunity for the parties to litigate the enforceability and scope of any relevant contract terms—akin to the analysis presented in *Davis*, *Donohue*, and *Thomason* regarding the scope of DOE's payment obligations, particularly where the plaintiff seeks a right to payment pursuant to their private agreements with iBrain and Sisters. However, as that did not transpire in this case, there is nothing in the applicable administrative orders to oblige Defendant to pay any late fees that may be associated with Plaintiff's private agreements with iBrain and Sisters.

As Plaintiff has failed to pursue her claim for late fees through the appropriate administrative process, and because Defendants have remitted all payments owed under the appllicable administrative orders, Defendants submit that there are no substantive disputes remaining for this Court to adjudicate. However, should this Court determine that a live controvery exists and that it has jurisdiction over this matter, Defendants respectfully reserve their right to request that this Court certify that question of law for interlocutory appellate review pursuant to 28 U.S.C. § 1292(b) by motion at a later date.

## POINT II

### PLAINTIFF'S CLAIMS FOR SUBSTANTIVE RELIEF SHOULD BE DISMISSED

Nowithstanding Plaintiff's contention that they are additionally seeking various forms of relief under, *inter alia*, Section 1983 and for injunctive relief, Defendants maintain that the substantive relief sought by Plaintiff in this action is largely duplicative, if not virtually identical to, the same substantive relief sought by the same Plaintiff in the case, *Chaperon, et al. v. Banks, et al.*, 24-cv-5135 (JAV)(SN). *Compare Chaperon*, First Amended Complaint, filed September 23, 2024 (ECF No. 61 at 7–9, ¶¶ 53–68; 27–28 ("Relief Requested")) (seeking funding for A.C.'s

8

placement and related services at iBrain, including special transportation services with Sisters for the 2024–2025 school year, as well as injunctive and declaratory relief regarding same) *with* Complaint (ECF No. 1, at 16–17) ("Relief Requested") (requesting that DOE comply with the terms of the FOFD and SRO Decision pertaining to A.C.'s placement at iBrain and Sisters transportation costs for the 2024–225 school year, as well as injunctive and declaratory relief regarding same). Despite this substantial overlap, Plaintiff continues to object to the suggestion that the two matters are related. *See* Pl. Mem. at 21 ("*Chaperon* and the instant matter arise out of distinct parts of the IDEA, with the former involving enforcement of pendency claims while the latter involved enforcement of a final administrative order. Additionally, there are several plaintiffs in *Chaperon,* while there is only one here. The proceedings are entirely separate, and as relates to late fees the allegations in *Chaperon* have no bearing here."). Plaintiff additionally highlights that

> [A]mong th[e issues] that are still pending are Plaintiffs' request for declaratory judgement, reasonable costs and attorneys' fees for Plaintiffs as the prevailing party in the underlying administrative actions, reasonable costs and attorneys' fees for prosecuting this federal action, damages for Plaintiffs and A.C. in the amount of $1.00 or some other nominal amount for DOE's violation of their rights while acting under color of law, and late fees per the relevant contracts.

Pl. Mem. at 2.

Defendants maintain that the gravamen of the relief sought by Plaintiffs—funding for the Student's tuition and transportation services for the 2024–2025 school year—has effectively been addressed. As previously noted, Plaintiff indicated in their March 25, 2025 status report (ECF No. 15 at 1) that A.C.'s tuition payments have been resolved. On April 10, 2025 (ECF No. 16), Defendants represented that, as they would not be pursuing an appeal of the January 24, 2025 SRO Decision, they would proceed to make transportation payments pursuant to that decision within the ordinary course of business. *See id.* Defendants further submit that Plaintiff's unique request

9

for nominal damages in the amount of $1.00 in the instant matter but not *Chaperon* hardly rises to the level of warranting two separate actions.

As to reasonable attorneys' fees, Defendants submit that, should the Court grant this motion for dismissal, there will be no basis for an attorneys' fees award—not only because Plaintiff would not be considered a prevailing party within the meaning of the IDEA's fee-shifting provisions with respect to this action—but also because Defendants will already be negotiating Plaintiffs' attorneys' fees associated at the administrative level in *Chaperon*. Defendants therefore submit that, once again, the relief sought in this action is substantially duplicative of the relief sought by Plaintiff in *Chaperon*, and should therefore be dismissed due to mootness. *See Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001) ("A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur.").

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully submit that the Court should dismiss the Complaint with prejudice, and grant Defendants such other and further relief that the Court deems just and proper.

Dated:   New York, New York
         May 20, 2025

**Muriel Goode-Trufant**
Corporation Counsel of the
City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007

By:  /s/ *Eric Teszler*
     Eric Teszler, Esq.
     *Assistant Corporation Counsel*
     (212) 356-1652
     eteszler@law.nyc.gov

10

## CERTIFICATE OF COMPLIANCE

Counsel of Record hereby certifies that this brief complies with the word-count limitation of Rule 7.1(c) of the Local Rules of United States District Courts for the Southern and Eastern Districts of New York. Excluding the cover page, caption, any index, table of contents, table of authorities, signature blocks, and required certificate, but including material contained in footnotes, this brief contains approximately 3,272 words, which is less than the total words of 3,500 permitted by Local Rule 7.1(c).

Dated:  New York, New York
        May 20, 2025

                                **Muriel Goode-Trufant**
                                Corporation Counsel of the
                                City of New York
                                *Attorney for Defendants*
                                100 Church Street
                                New York, New York 10007

                        By:  /s/ *Eric Teszler*
                                Eric Teszler, Esq.
                                *Assistant Corporation Counsel*
                                (212) 356-1652
                                eteszler@law.nyc.gov

11