UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

EILEEN MENDEZ, as Parent and Natural Guardian
of A.C. and EILEEN MENDEZ, Individually,

                Plaintiff,

   -against-

MELISSA AVILES-RAMOS, in her official
capacity as Chancellor of the New York City
Department of Education and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

                Defendants.
---------------------------------------------------------------x

25-cv-1096 (CM)

## OPINION AND ORDER

McMahon, J.:

    Plaintiff Eileen Mendez, individually and on behalf of her minor son, A.C., sued the New York City Department of Education ("DOE") and Melissa Aviles-Ramos in her official capacity as Chancellor of DOE (collectively, "Defendants"), pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Plaintiff asserts that, under binding administrative orders, the DOE is required to pay late fees arising from two private contracts she entered into with the International Academy for the Brain ("iBRAIN") and Sisters Travel and Transportation, LLC. Dkt. No. 35, Pl.'s Mem. Supp. Mot. Summ. J., at 6–7. She seeks an order directing Defendants to comply fully with those administrative determinations by paying all outstanding late fees and interest related to A.C.'s tuition and transportation for the 2024–2025 school year. *Id.*

1

The parties do not dispute the administrative finding that A.C.'s placement at iBRAIN for the 2024–2025 school year is appropriate. Indeed, the DOE has already paid A.C.'s tuition and transportation costs for that year, consistent with *Mendez v. Banks*, 65 F.4th 56 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 559 (2024). The sole question is whether the DOE must pay the remaining late fees and interest for A.C.'s 2024–2025 school year. Because I conclude that it must – but only with respect to transportation costs – Plaintiff's motion for summary judgment is GRANTED IN PART, Dkt. No. 31, and Defendants' motion to dismiss is DENIED as moot, Dkt. No. 20.

## I.     BACKGROUND

### a.  Individuals with Disabilities Education Act

The Individuals with Disabilities Education Act, 84 Stat. 175, as amended, 20 U.S.C. § 1400 *et seq.*, requires states that receive federal special education funding to provide children with disabilities "a free appropriate public education" ("FAPE"), § 1412(a)(1)(A). A FAPE must be tailored to meet a child's "unique needs" and supported by the "related services" necessary to allow the child to benefit from that instruction. §§ 1401(9), (26), (29). The IDEA's "primary vehicle" for delivering a FAPE is the individualized education program ("IEP"). *Honig v. Doe*, 484 U.S. 305, 311 (1988). In New York, Committees on Special Education ("CSEs") are responsible for developing IEPs. N.Y. Educ. Law § 4402(1)(b)(1).

Because disagreements over proposed IEPs are common, the IDEA establishes formal administrative procedures for resolving disputes. A dissatisfied parent, for example, may unilaterally enroll a child in a private school and seek tuition reimbursement from the school district. 20 U.S.C. § 1412(a)(10)(C)(ii). To obtain tuition reimbursement, a parent must file a "due-process complaint" ("DPC"), which entitles her to an "impartial due process hearing" before an IHO. § 1415(b)(6); N.Y. Educ. Law § 4404(1). Under the *Burlington/Carter* test,

reimbursement is available only if "(1) the proposed IEP failed to provide the student with an appropriate public education; (2) the parent's private placement was appropriate to the child's needs; and (3) equitable considerations support the parent's claim." *Reyes ex rel. R.P. v. New York City Dep't of Educ.*, 760 F.3d 211, 215 (2d Cir. 2014).

An IHO's decision may be appealed to a State Review Officer ("SRO"). N.Y. Educ. L. § 4404(2); 20 U.S.C. § 1415(g)). An SRO's decision, in turn, may be challenged by bringing a civil action in state or federal court. N.Y. Educ. Law § 4404(3); 20 U.S.C. § 1415(i)(2)(A).

### b. Facts and Procedural History

Plaintiff is the parent and natural guardian of A.C., a minor child with a disability as defined by 20 U.S.C. § 1401(3). A.C. has been diagnosed with Periventricular Leukomalacia (PVL), cerebral palsy, Cortical Visual Impairment (CVI), optic nerve atrophy, rotational nystagmus, intermittent exotropia, hypermetropia, and seizures. Dkt. No. 1, at 3.

On June 25, 2024, Plaintiff entered into an Annual Enrollment Contract with iBRAIN for the 2024-2025 school year (the "iBRAIN Contract"). Dkt. No. 1-1, at 34–40. The iBRAIN Contract required Plaintiff to make triennial tuition payments, with the final installment due on January 2, 2025. *Id.* at 35. The iBRAIN Contract further provides:

> Late Payment Penalty. Upon the failure to pay in full any payment obligation due based on the terms of this Enrollment Contract ("Amount Outstanding") within seven (7) business days of the due date for such payment, a late payment penalty of ten percent (10.0%) of the Amount Outstanding (the "Late Payment Amount") shall immediately be added to the Amount Outstanding. The imposition of the Late Payment Amount shall be in addition to any other rights and remedies of iBRAIN under this Agreement. Any balances of any amount which remains unpaid, i.e., Amount Outstanding, including any Late Payment Amount, more than thirty (30) days after it is due shall accrue interest until paid at the rate equal to the lesser of two percent (2.0%) per calendar month or the maximum amount allowed under Applicable Law.

3

*Id.* at 36.

On June 26, 2024, Plaintiff entered into the School Transportation Service Annual Agreement ("Transportation Agreement") with Sisters Travel and Transportation, LLC ("Sisters Travel"), which was effective from July 2, 2024, through June 27, 2025. Dkt. No. 1-1 at 41–47. The Transportation Agreement requires Plaintiff to make triennial payments, with the final installment due on January 1, 2025. *Id.* at 42. The Transportation Agreement further provides:

> Late Payment Penalty. Upon the failure to pay in full any payment obligation due based on the terms of this AGREEMENT ("Amount Outstanding") within seven (7) business days of the due date for such payment, a late payment penalty of ten percent (10.0%) of the Amount Outstanding (the "Late Payment Amount") shall immediately be added to the Amount Outstanding. The imposition of the Late Payment Amount shall be in addition to any other rights and remedies of PROVIDER under this AGREEMENT. Any balances of any amount which remains unpaid, i.e., Amount Outstanding, including any Late Payment Amount, more than thirty (30) days after it is due shall accrue interest until paid at the rate equal to the lesser of two percent (2.0%) per calendar month or the maximum amount allowed under Applicable Law. However, in no event shall this interest provision be construed as a grant of permission for payment delays.

*Id.* at 42–43.[1]

On July 2, 2024, Plaintiff filed a DPC, asserting that the DOE failed to provide A.C. with a FAPE for the 2024-2025 school year. *Id.* at 2–11. The DPC asserted that iBRAIN was an appropriate unilateral placement and that equitable considerations favored an award of direct payment of tuition and transportation costs. *Id.* at 9–10. Plaintiff's DPC was assigned IHO Case No. 277023.

On September 17, 2024, Impartial Hearing Officer ("IHO") Jaime Kotchek, assigned to adjudicate Plaintiff's DPC, issued a Findings of Fact and Decision ("FOFD") following a due

---

[1] I am advised that there is or may be an overlap in ownership between iBrain and Sisters Transportation, in that the owners are related and/or married to one another.

4

process hearing. Dkt. No. 1-2. Applying the governing three-prong *Burlington/Carter* test for whether Plaintiff may obtain reimbursement, *see* Section 1(a), *supra*, the IHO found that: (1) the DOE "failed to meet its burden to demonstrate that it provided [A.C.] with a FAPE" for the 2024-2025 school year, (2) iBRAIN was a placement that met several of A.C.'s unique needs, and that (3) equitable considerations supported DOE's payment of A.C.'s tuition and certain transportation costs. Dkt. No. 1-2, at 6–10. The IHO therefore ordered the DOE to pay, *inter alia*, A.C.'s tuition "up to a total of $340,112.40" and transportation costs "up to a total of $177,285.00" for the 2024–2025 school year. *Id.* at 13.

Plaintiff appealed the IHO's FOFD to the Office of State Review, arguing that (1) the order should be modified to include an "explicit finding" that A.C.'s unilateral placement was appropriate, and (2) the IHO erred in failing to award the full cost of A.C.'s transportation with Sisters Travel. *See* Dkt. No. 1-3, at 5. On January 24, 2025, the State Review Officer ("SRO") held that (1) it was "not necessary to reach the issue of the appropriateness of iBRAIN" because a finding of appropriateness is implicit in any tuition award, and that (2) the IHO erred in failing to award the entirety of A.C.'s transportation costs. *Id.* at 8–10. The SRO concluded: "Having found that the parent is entitled to funding from the district *for the contracted amount* for the transportation services for the student for the 2024-25 school year, the necessary inquiry is at an end." *Id.* at 10 (emphasis added).

Neither party appealed, so the SRO's decision is final and binding.

## II.    LEGAL STANDARDS

Courts generally evaluate motions for summary judgment in IDEA actions as an appeal from an administrative determination. *Ferreira v. Aviles-Ramos*, 120 F.4th 323, 329 n.2 (2d Cir.

2024). Plaintiff, however, is not appealing an unfavorable administrative decision and seeks only to enforce a favorable SRO decision under 42 U.S.C. § 1983. *See* Dkt. No. 35, Pl.'s Mem. Supp. Summ. J., at 11. Therefore, the usual summary judgment standard applies here. *See Zimmerman v. Banks*, No. 23 Civ. 9003, 2024 WL 4882370, at *3 (S.D.N.Y. Nov. 25, 2024) (applying the usual summary judgment standard in a similar enforcement action).

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Choi v. Tower Rsch. Cap. LLC*, 2 F.4th 10, 16 (2d Cir. 2021). "In evaluating a motion for summary judgment, [courts] resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Id.*

### III. DISCUSSION

#### a. Plaintiff's Purported Failure to Exhaust Administrative Remedies

First, Defendants contend that Plaintiff's claims for late fees should be dismissed for lack of subject-matter jurisdiction, because Plaintiff allegedly failed to exhaust her administrative remedies. Dkt. No. 39, Defs.' Opp'n to Pl.'s Mot. Summ J., at 6; Dkt. No. 20, Defs.' Mem. Supp. Mot. to Dismiss, at 13–14. The Court agrees in part. Plaintiff did not exhaust her administrative remedies with respect to late fees arising from the iBRAIN Contract, but she did exhaust her remedies with respect to late fees under the Transportation Agreement.

Generally, a plaintiff seeking relief for the denial of a FAPE must exhaust all administrative remedies before filing suit in federal court. 20 U.S.C. § 1415(l). Section 1415(l)'s exhaustion requirement applies when, as here, a plaintiff seeks "relief" that is "available" under the IDEA. *Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 166 (2017). The exhaustion requirement "prevents

courts from undermining the administrative process and permits an agency to bring its expertise to bear on a problem as well as to correct its own mistakes." *Heldman v. Sobol,* 962 F.2d 148, 159 (2d Cir.1992). Failure to exhaust her administrative remedies under the IDEA deprives a court of subject matter jurisdiction. *Hope v. Cortines*, 69 F.3d 687, 688 (2d Cir. 1995).

With respect to late fees under the iBRAIN Contract, Plaintiff did not appeal the IHO's determination that she was entitled to tuition for the 2024–2025 school year "up to the total of $340,112.40." *See* Dkt. No. 1-3, at 8; *accord* Dkt. No. 35, Pl.'s Mem. Supp. Mot. Summ. J., at 9. Instead, she sought only a modification of the IHO's order to include an "explicit finding" that A.C.'s unilateral iBRAIN placement was appropriate. *See* Dkt. No. 1-3, at 8. She did not challenge the amount awarded by the IHO's for A.C.'s tuition. *See id.*

It is well-settled that "the failure to appeal an IHO's decision to the SRO constitutes a failure to exhaust administrative remedies under the IDEA and requires dismissal." *See, e.g., D.A.B. v. New York City Dep't of Educ.,* 45 F. Supp. 3d 400, 405 (S.D.N.Y. 2014) (collecting cases). Because "[a] court is without jurisdiction to address claims other than those properly exhausted," *J.S. v. New York City Dep't of Educ.,* No. 15CV355 (DLC), 2017 WL 744590, at *4 (S.D.N.Y. Feb. 24, 2017), the Court dismisses Plaintiff's claim for late fees arising out of the iBRAIN Contract for lack of subject matter jurisdiction. Dismissal is without prejudice.[2] *Cave v. E. Meadow Union Free Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008) (directing district court to dismiss without prejudice a claim that the plaintiffs had failed to exhaust).

---

[2] Although Congress has specified that exhaustion is not necessary if "(1) it would be futile to resort to the IDEA's due process procedures; (2) an agency has adopted a policy or pursued a practice of general applicability that is contrary to the law; or (3) it is improbable that adequate relief can be obtained by pursuing administrative remedies," *Murphy v. Arlington Cent. Sch. Dist. Bd. of Educ.*, 297 F.3d 195, 199 (2d Cir.2002), Plaintiff does not claim that any of these exceptions applies, and on the record before me none does.

By contrast, Plaintiff did exhaust her administrative remedies with respect to late fees under the Transportation Agreement. Although Plaintiff admittedly seeks relief for the denial of a FAPE, Plaintiff has already availed herself of the full panoply of IDEA's administrative procedures and prevailed. After filing a DPC and litigating before an IHO, she appealed to the SRO, who granted her "full reimbursement" of transportation costs. *See* Dkt. No. 1-3, at 8. Having obtained a final and binding administrative order, which neither party has appealed, Plaintiff merely seeks to enforce that order. *See A.R. ex rel. R.V. v. New York City Dep't of Educ.*, 407 F.3d 65, 78 n.13 (2d Cir. 2005). Defendants' exhaustion argument as to transportation costs is therefore without merit and does not bar the court from exercising jurisdiction over the motion for summary judgment – but only on the issue of whether "full reimbursement" for transportation costs includes late fees.

### b. Late Fees

The only remaining issue is the scope of the DOE's obligations under the SRO's January 24, 2025 decision – specifically, whether it must pay late fees and interest on transportation costs.

Because "[t]he IDEA itself provides no guidance as to the DOE's obligation to pay for transportation and related services," *Diaz v. Aviles-Ramos*, No. 1:24-CV-09340 (JLR), 2025 WL 2172298, at *5 (S.D.N.Y. July 31, 2025), "the *sole source* of the DOE's reimbursement obligations is the applicable administrative order," *Davis v. Banks*, No. 22 Civ, 8184 (IMF), 2023 U.S. Dist. LEXIS 160092, 2023 WL 5917659, at *4 (S.D.N.Y. Sept. 11, 2023) (emphasis added). "[T]he existence and extent of the DOE's reimbursement obligations turn on the language of the applicable administrative order[.]"[3] *Id*, at *4; *Ventura de Paulino v. New York City Dep't of Educ.*,

---

[3] For this reason, Defendants public policy arguments are unavailing. *See* Defs.' Opp'n to Pl.'s Mot. Summ. J., Dkt. No. 39, at 8–9. The January 24, 2025 SRO decision determine the DOE's reimbursement obligations. *See Abrams*

959 F.3d 519, 532 (2d Cir. 2020) (holding that the DOE's "legal responsibility to pay" arose from the final, unappealed administrative order).

Applying the relevant language from the SRO's January 24, 2025 Order, the Court finds that the DOE must pay for late fees and interest arising from Plaintiff's Transportation Agreement with Sisters Travel. The reason is that the plaintiff signed a contract to pay those amounts if they were incurred.

The relevant language from the January 24, 2025 SRO Order provides:

> [T]o the extent the IHO's decision could be read to limit the award of funding for transportation, the parent's appeal is sustained. . . . Having found that the parent is entitled to funding from the district *for the contracted amount* for transportation services for the student for the 2024-25 school year, the necessary inquiry is at an end. . . . IT IS ORDERED, that the IHO's decision, dated September 17, 2024, is modified to direct the district to fund the costs of the transportation services provided by Sisters Travel at the contracted rate for the 2024-25 school year.

Dkt, No. 1-3, at 10–11 (emphasis added). The directive that the DOE "fund the costs . . . at the contracted rate" is most naturally read to require payment of the full contractual amount. Courts routinely interpret such language to encompass the express terms of the governing agreement. *See, e.g., Abrams v. N.Y.C. Dep't of Educ.*, No. 20-CV-5085 (JPO), 2022 WL 523455, at *5 (S.D.N.Y. Feb. 22, 2022). In *Abrams*, 2022 WL 523455, at *5, the IHO directed the DOE to pay all of the plaintiff's transportation costs without conditioning payment on their reasonableness. The court held that the IHO's orders obligated the DOE to cover the full cost of the students' transportation services "irrespective of whether the students use the services," because (1) the relevant

---

v. *New York City Dep't of Educ.*, No. 20-CV-5085 (JPO), 2022 WL 523455, at *4 (S.D.N.Y. Feb. 22, 2022) (holding that the DOE was required to reimburse for transportation costs based on the plain language of the binding administrative order).

administrative orders did not limit reimbursement based on actual use, and (2) the contract with Sisters Travel expressly required payment regardless of use. The same rationales apply here.

The DOE must comply with the January 24, 2025 SRO Order as written. *Donohue v. Banks*, No. 22-cv-8998, 2023 WL 6386014, at *9 (S.D.N.Y. Sept. 30, 2023) (holding that courts must give effect to an order directing reimbursement of transportation costs "pursuant to the Transportation Contract"). That order requires the DOE to fund A.C.'s transportation costs "for the contracted amount." The Transportation Agreement, in turn, expressly provides for late fees and interest in the event of nonpayment. Dkt. No. 1-1 at 42–43. Those charges therefore fall within the "contracted amount" that the DOE is obligated to fund.

The holding in *Donohue*, 2023 WL 6386014, at *9–12, confirms this conclusion. There, the court evaluated the transportation reimbursement language found in various administrative orders and grouped them into three categories: (1) orders requiring reimbursement pursuant to the transportation contract; (2) orders with language requiring transportation reimbursement only for services "actually provided"; and (3) orders with ambiguous language as to the scope of the DOE's reimbursement obligation. Although courts may remand for clarification if the language of the relevant order is unclear, *Davis*, 2023 WL 5917659, at *3, the SRO's January 24, 2025 Order unambiguously falls within the first category. As explained in *Donohue*, where an order requires the DOE to fund transportation in accordance with the contract, summary judgment must be granted for the plaintiff, and the DOE is obligated to reimburse according to the contract's express terms. *See* 2023 WL 6386014, at *1, *9–10.

Although Defendants' rely heavily on *Chaperon v. Banks*, No. 24-CV-05135 (JAV), 2025 WL 2207908 (S.D.N.Y. Aug. 4, 2025), which held that plaintiffs were not entitled to payment of

late fees, their reliance is misplaced. In fact, to the extent it is relevant at all, *Chaperon* bolsters Plaintiff's position.

*First*, *Chaperon* is factually distinguishable because it involved a pendency order and a prospective request for the payment of late fees. 2025 WL 2207908, at *4, *9. As courts have consistently held, whether a plaintiff is entitled to reimbursement on pendency "is completely independent from" whether a claim for reimbursement for the same succeeds on the merits. *Bd. of Educ. of Poughkeepsie City Sch. Dist. v. O'Shea*, 353 F. Supp. 2d 449, 457 n.11 (S.D.N.Y. 2005); *Mackey ex rel. Thomas M. v. Bd. of Educ. For Arlington Cent. Sch. Dist.*, 386 F.3d 158, 160 (2d Cir. 2004) ("A claim for tuition reimbursement pursuant to the stay-put provision is evaluated independently from the evaluation of a claim for tuition reimbursement pursuant to the inadequacy of an IEP."). Congress intended the stay-provision of § 1415(j) to ensure that a child could remain in her current educational placement "even if the child would otherwise have no substantive right to it." *Doe v. E. Lyme Bd. of Educ.*, 790 F.3d 440, 453 (2d Cir. 2015). "[P]endency placement and appropriate placement are separate and distinct concepts." *O'Shea*, 353 F. Supp. 2d at 459. Accordingly, *Chaperon*'s holding on late fees is inapplicable here, as it arose solely in the pendency context and does not address merits-based reimbursement claims.

*Second*, even apart from the pendency context, the *Chaperon* court found that the DOE was not required to reimburse for late fees under a tuition contract because the pendency order in that case provided for the payment of "tuition only." 2025 WL 2207908, at *8. By contrast, the administrative order at issue here is broader. *See* Dkt, No. 1-3, January 24, 2025 SRO Order, at 10–11 (concluding that Plaintiff "is entitled to funding [for transportation] from the district for the contracted amount"). There is no inconsistency between the late-fee determination in this case and that in *Chaperon*, as both decisions appropriately reflect and are tethered to the language of

11

their respective administrative orders. *See Davis*, 2023 WL 5917659, at *4 (S.D.N.Y. Sept. 11, 2023) ("[T]he sole source of the DOE's reimbursement obligations is the applicable administrative order.").

Based on the January 24, 2025 SRO Order, the DOE is required to reimburse for late fees and interest because the plaintiff signed a contract that obligates her to pay for those amounts, if incurred. To facilitate payment, Plaintiff shall submit to the DOE documentation reflecting the terms of the Transportation Agreement and the current balance due thereunder, so that the DOE can process reimbursement for A.C.'s 2024–2025 school year in accordance with this Opinion and Order.

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, those arguments are either moot or without merit.

### c. Attorneys' Fees

Pursuant to 20 U.S.C. § 415(i)(3), the Court may, in its discretion, award reasonable attorneys' fees and costs to a prevailing plaintiff in an IDEA case. Plaintiff moves for an award of attorneys' fees and costs as part of her motion. Any such award, if granted at all, will be based on whether they are "reasonable" and "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of the services furnished." 20 U.S.C. § 1415(i)(3)(B)–(C).

By October 16, 2025, Plaintiffs shall file a particularized request for reasonable attorneys' fees and costs, together with supporting documentation, that complies with 20 U.S.C. § 1415(i)(3)(C). By October 30, 2025, the DOE shall file any objections thereto. No replies will be permitted, and the Court will thereafter render its final judgment.

## Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is GRANTED IN PART, and the DOE's motion to dismiss is DENIED as moot.

The Clerk of Court is directed to terminate the motions pending at docket numbers 17 and 20. This constitutes the decision and order of the Court. It is a written decision.

Dated: October 1, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL