```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
EILEEN MENDEZ, as Parent and Natural Guardian
of A.C. and EILEEN MENDEZ, Individually,

                        Plaintiff,
                                                                    25-cv-1096 (CM)
        -against-

MELISSA AVILES-RAMOS, in her official
capacity as Chancellor of the New York City
Department of Education and the NEW YORK
CITY DEPARTMENT OF EDUCATION,

                        Defendants.
------------------------------------------------------------------x
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10-20-25
```

**ORDER**

McMahon, J.:

Plaintiff Eileen Mendez, individually and on behalf of her minor son, A.C., previously moved for summary judgment, seeking an order directing Defendants – New York City Department of Education ("DOE") and Melissa Aviles-Ramos in her official capacity as Chancellor of DOE (collectively, "Defendants") – to comply with relevant administrative determinations by paying all outstanding late fees and interest related to A.C.'s tuition and transportation for the 2024–2025 school year. Dkt. No. 31. On October 1, 2025, the Court granted the motion in part and denied it in part, dismissing Plaintiff's claim for late fees arising from the iBRAIN Contract for lack of subject matter jurisdiction due to her failure to exhaust administrative remedies, and holding that the DOE must pay the late fees and interest arising from Plaintiff's Transportation Agreement with Sisters Travel. Dkt. No. 45.

Plaintiff now moves for partial reconsideration, Dkt. No. 46, of the portion of the Court's decision dismissing Plaintiff's claim for late fees arising from the iBRAIN Contract. Defendants oppose the motion and cross-move for reconsideration of the portion of the decision holding that the DOE must pay late fees and interest arising from Plaintiff's Transportation Agreement with Sisters Travel. Dkt. No. 48. The Court assumes the parties' familiarity with the facts of this case as set forth in our prior decision.

For the following reasons, Plaintiff's motion and Defendants' cross motion for reconsideration are DENIED.

I. **LEGAL STANDARDS**

The parties' motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59(e).[1] Whether to grant a motion for reconsideration is "committed to the sound discretion of the district court." *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, 888 F. Supp. 2d 478, 483 (S.D.N.Y. 2012). Reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (citation omitted).

A court may grant reconsideration only when a movant demonstrates "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255

---

[1] A motion for reconsideration "is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order and as a Rule 60(b) motion if filed thereafter." *United States v. Clark*, 984 F.2d 31, 32 (2d Cir. 1993). Saturdays, Sundays and legal holidays do not count toward the ten-day limit, nor does the day the opinion was entered. *See* Fed.R.Civ.P. 6(a). The parties' motions are both Rule 59(e) motions given that both were filed within 10 days of the Court's October 1, 2025 decision.

(2d Cir. 1992) (citation omitted).  The movant bears a heavy burden, as "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Moreover, a motion for reconsideration under either Rule 59(e) or Local Civil Rule 6.3 is not an opportunity to advance new arguments or legal theories that could have been raised earlier.  *See Cordero v. Astrue*, 574 F. Supp. 2d 373, 380 (S.D.N.Y. 2008).

## II.  DISCUSSION

### a.  Plaintiff's Motion for Reconsideration

The Court declined to award late fees and interest under the iBRAIN Contract because Plaintiff did not challenge the IHO's tuition award in her appeal to the SRO.  Plaintiff now argues – for first time – that administrative exhaustion would have been futile, because Plaintiff was not yet an aggrieved party at the time of the IHO's decision, since late fees had not yet begun to accrue.  Dkt. No. 47, Pl.'s Mem. Supp. Mot. for Reconsid., at 7–8.

The Court is unpersuaded.

The IHO had ordered the DOE to pay A.C.'s tuition only "up to a total of $340,112.40" and transportation costs only "up to a total of $177,285.00" for the 2024–2025 school year.  Dkt. No. 1-2, at 13.  Plaintiff had every opportunity – and every right – to challenge the IHO's explicit cap on reimbursable costs.  Indeed, Plaintiff successfully appealed the IHO's limitation on the transportation award, even though late fees under the Transportation Agreement with Sisters Travel had not yet accrued.  Yet, inexplicably, Plaintiff failed to pursue a similar appeal regarding the IHO's limitation on tuition reimbursement.

The SRO's decision confirms this omission. In the "Scope of Review" section, the SRO expressly stated, "The only remaining issue presented on appeal is whether the IHO erred in reducing the amount of reimbursement for transportation costs as they relate to the 2024–25 school year." Dkt. No. 1-3, at 8. This record makes clear that Plaintiff elected not to appeal the IHO's decision to cap tuition at a specific level. Plaintiff cannot credibly contend that an administrative appeal would have been futile merely because late fees under the iBRAIN contract had not yet accrued. To the contrary, she demonstrated the opposite by successfully appealing the transportation award, despite the absence of any accrued late fees under the Transportation Agreement. Plaintiff cannot have it both ways: if she could exhaust her administrative remedies concerning late fees under the Transportation Agreement, she could have done the same with respect to the iBRAIN contract. But she did not. *See* Dkt. No. 1-3, at 8.

Additionally, Plaintiff has not satisfied the standard for reconsideration, because she has not identified "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Her motion for reconsideration is, therefore, DENIED.

### b. Defendants' Cross-Motion for Reconsideration

Defendants argue that Plaintiff could not have exhausted her administrative remedies with respect to late fees under the Transportation Agreement because Plaintiff never explicitly raised the issue of late fees with either the IHO or the SRO. Dkt. No. 49, Defs.' Mem. Supp. Cross-Mot. for Reconsid., at 9. But whether Plaintiff explicitly raised the issue of late fees is beside the point. After the IHO ordered the DOE to pay A.C.'s transportation costs only "up to a total of

$177,285.00" for the 2024–2025 school year, Dkt. No. 1-2, at 13, Plaintiff appealed that limitation, arguing that the IHO erred in failing to award the full cost of A.C.'s transportation with Sisters Travel. *See* Dkt. No. 1-3, at 5. The SRO agreed and reversed the IHO's decision to the extent that it "could be read to limit the award of funding" and held that Plaintiff was "entitled to funding from the district *for the contracted amount* for transportation services for the student for the 2024-25 school year." Dkt. 1-3, at 10 (emphasis added). That holding necessarily encompasses all amounts owed under the Transportation Agreement – including any applicable late fees under the agreement. *Mendez v. Aviles-Ramos*, No. 25-CV-1096 (CM), 2025 WL 2793755, at *6–7 (S.D.N.Y. Oct. 1, 2025). Because the SRO awarded the full "contracted amount" under the Transportation Agreement, Defendants' argument that Plaintiff failed to exhaust her remedies with respect to her entitlement to late fees under the Transportation Agreement lacks merit.

Defendants, too, have not shown "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

Defendants' cross-motion for reconsideration is, therefore, DENIED.

## Conclusion

For the foregoing reasons, Plaintiff's motion for reconsideration and Defendants' cross-motion for reconsideration are both DENIED.

The Clerk of Court is directed to terminate the motions pending at docket numbers 46 and 48. This constitutes the decision and order of the Court. It is a written decision.

Dated: October 20, 2025

_____
U.S.D.J.

BY ECF TO ALL COUNSEL