USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

EILEEN MENDEZ,

Plaintiff,

-against-

25 Civ. 1096 (CM)

MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education,

Defendant.

---------------------------------------------------------------x

DECISION AND ORDER ON OUTSTANDING MOTIONS

McMahon, J.:

There are presently three open motions on the Court's docket. No decision has issued on the motions at Dockets ## 56, 58 and 63 (all of which are related) because, no sooner had the parties finished briefing on the cross-motions at 58 and 63, the Department of Education filed a notice of appeal from the court's decision and order granting Plaintiff's motion for summary judgment insofar as it directed the payment of late fees associated with the cost of the student's transportation for the 2024-25 school year. (Docket #67). The whole point of the parties' joint motion at Docket #56 was to allow the City to take an appeal, but the City did not abide a decision on that motion before taking its appeal. I do not presently know the status of that appeal – we certainly have not been apprised of any decision issued on that appeal – but in the ordinary course the pendency of an appeal deprives the district court of jurisdiction to hear most motions. And if there has been a decision on that appeal, then the joint motion at Docket #56 has become moot.

Since I need to clear my docket, the parties' joint letter motion to issue a separate entry of judgment and to stay the obligation of Plaintiff to move for attorneys' fees (Docket #56) is GRANTED. I have not been provided with a proposed form of judgment, and I cannot enter a partial judgment on the claim for late fees associated with the cost of transportation without being provided with a dollar amount of said fees through the date on which I enter judgment. The parties need to provide me with an amount through October 19, 2026, plus a daily dollar amount of additional interest so that I can calculate anything that might be owed between October 19 and the date on which partial final judgment is entered. As I will be out of the district until October 19, the parties should not expect that judgment will be entered until sometime that week.

The form of judgment submitted by the parties should also reflect the fact that the Plaintiff's motion for summary judgment on her tuition claim for the 2024-25 school year was denied, and that her claim for those fees was dismissed for want of subject matter jurisdiction (failure to exhaust). See Docket #45.

All that remains of this case is for attorneys' fees to be awarded, but the parties prefer to take their appeal to the Second Circuit before I attend to that matter. Per their joint letter motion, I grant the request to defer the calculation of attorneys' fees until the pending appeal, or any further appeal, is concluded.

Plaintiff has also moved (Docket #58) for an order enforcing the judgment so that she (really, Sisters Transportation) can be paid the amount that the State Review Officer said was due and owing to Sisters for transporting the child A.C. to iBRAIN. The City opposes that motion and cross moves (Docket #63) for a stay pending appeal without the need to post a supersedeas bond. The parties have not advised the court whether relief has been requested in the Second Circuit.

On the assumption that this court has jurisdiction to consider and dispose of these motions notwithstanding the DOE's pending appeal, Plaintiff's motion is DENIED and the City's cross motion is GRANTED. Where, as here, the judgment is against a governmental entity whose ability to pay the judgment is clear, there is no need for any bond to be posted as a condition of a stay pending appeal. *See In re Nassau Cnty. Strip Search Cases,* 783 F.3d 414, 418 (2d Cir. 2015). If the Plaintiff prevails on the City's appeal from the award of late fees and interest in connection with transportation costs, the Court will take any necessary steps to expedite the judgment collection process.

This disposes of the motions at Dockets ##56, 58 and 63, which should be removed from the Court's list of open motions.

Dated: October 5, 2026



U.S.D.J.

BY ECF TO ALL PARTIES